J-A21043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE L. L. VESSELS | |
| Appellant | No. 419 EDA 2015 |

Appeal from the PCRA Order January 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001460-2008

BEFORE:  ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:               **FILED MAY 04, 2016**

This case returns to us following remand from the Pennsylvania Supreme Court.  Specifically, on February 24, 2016, our Supreme Court granted the petition for allowance of appeal filed by Appellant, Andre L. L. Vessels, vacated our previous order affirming the dismissal of Appellant's petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and remanded the case to us for further proceedings consistent with **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).  After careful review, we reverse and remand for resentencing.

On November 21, 2008, the trial court imposed a mandatory sentence of life imprisonment without the possibility of parole after a jury trial, at the

_____

[*] Former Justice specially assigned to the Superior Court.

conclusion of which Appellant was found guilty of one count of second-degree murder, possession of an instrument of a crime, and robbery,[1] committed when he was 17 years old.[2] Appellant's amended timely first PCRA petition, which is the subject of this appeal, asserts that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), should be retroactively applied. Appellant's Amended PCRA Petition, 12/26/13, at ¶ 3.

On January 8, 2015, the PCRA court dismissed the amended petition. On July 24, 2015, we affirmed the PCRA court's order. *Commonwealth v. Vessels*, 125 A.3d 459 (Pa. Super. 2015) (unpublished memorandum), *vacated*, 132 A.3d 982 (Pa. 2016). Appellant filed a timely petition for allowance of appeal with our Supreme Court on August 23, 2015. While that petition was pending, on January 25, 2016, the United States Supreme Court announced its decision in *Montgomery*, holding that *Miller*'s prohibition on mandatory life imprisonment without the possibility of parole for juvenile offenders was a new substantive rule that, under the Constitution, must be applied retroactively in cases on state collateral review. *Montgomery*, *supra* at 732. Accordingly, our Supreme Court

---

[1] 18 Pa.C.S.A. §§ 2502(b), 907(a), and 3701(a)(1)(i), respectively.

[2] This Court affirmed Appellant's judgment of sentence on January 26, 2010 and our Supreme Court denied *allocatur* on September 29, 2010. *Commonwealth v. Vessels*, 991 A.2d 363 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 8 A.3d 345 (Pa. 2010).

vacated our prior order and remanded this case to us. Moreover, this Court, in **Commonwealth v. Secreti**, --- A.3d ---, 2016 WL 513341 (Pa. Super. 2016), held that **Miller** and **Montgomery** afford relief to petitioners whose PCRA petitions based on **Miller** were on appeal when **Montgomery** was announced. **Id.** at *5.

Based on the foregoing, Appellant is entitled to PCRA relief from his unconstitutional sentence of mandatory life imprisonment without parole. **See Montgomery**, **supra**; **Miller**, **supra** at 2464; **Secreti**, **supra**. Accordingly, we reverse the PCRA court's January 8, 2015 order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with **Montgomery**, **Miller**, and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).[3]

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Allen did not participate in the consideration or decision of this case.

---

[3] We note that the General Assembly passed Section 1102.1 in October 2012 to address **Miller**, which provides new mandatory minimum sentences for juveniles convicted of second-degree murder. However, Section 1102.1's text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/4/2016</u>